IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rufus J. Anderson,<br><br>    Plaintiff,<br><br>vs.<br><br>Karen Patterson,<br>Miranda B. Pierce/Ware,<br>John Simmons,<br>Letitia Verdin,<br>David Fisher,<br>Alex Kinlaw,<br>Patricia Fuller, and<br>E.F. Irick,<br><br>    Defendants. | C/A No. 6:16-761-MGL-JDA<br><br>**REPORT AND RECOMMENDATION**<br><br>*for dismissal of three defendants* |

Rufus J. Anderson ("Plaintiff"), proceeding pro se, brings this civil action alleging a violation of his constitutional rights. Plaintiff is a non-prisoner and paid the full filing fee. The Defendants Letitia Verdin, David Fisher, and Alex Kinlaw should be summarily dismissed from this action without prejudice and without service of process.

## **BACKGROUND**

Plaintiff alleges he reported unlawful activities to his employer in 2009. [Doc. 1.] Thereafter, Plaintiff seems to allege he was evicted from his home, ticketed in Indiana, arrested in Ohio, and arrested and convicted of probation violations in South Carolina. [*Id.*] He alleges that David Fisher, a West Greenville Summary Judge, evicted him from his home on August 18, 2009, and Letitia Verdin, a Circuit Judge, sentenced him on August 13, 2015. [*Id.*] Plaintiff alleges that Alex Kinlaw is a family court judge; however, there are

no factual allegations against him. [*Id.*] Based on these facts[1], Plaintiff alleges he was injured by unconstitutional acts and misconduct, and Defendants committed retaliation, intimidation, coercion, and deterring conduct. [*Id.*] He seeks all relief that is available pursuant to 42 U.S.C. § 1983. [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Under established local procedure in this judicial district, a careful review has been made of the pro se pleadings. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[2] *See Mills v. Greenville Cnty.*, 586 F. Supp. 2d 480, 487 (D.S.C. 2008); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *3 (D.S.C. Jan. 8, 2007) (noting that the payment of the full filing fee does not cure lack of jurisdiction), *adopted,* 2007 WL 4952430 (D.S.C. Jan. 30, 2007), *aff'd*, 251 F. App'x 246 (2007); *see also Bardes v. Magera,* No. 2:08-487-PMD-RSC, 2008

---

[1] Plaintiff alleges other facts, but they are not set forth in this Report and Recommendation because they do not seem relevant to Defendants Letitia Verdin, David Fisher, and Alex Kinlaw.

[2] This Court is not conducting an initial review of the Complaint pursuant to 28 U.S.C. § 1915.

WL 2627134 (D.S.C. June 25, 2008) (finding that a court must not screen a complaint pursuant to 28 U.S.C. § 1915(e)(2) when the plaintiff is a non-prisoner who paid the filing fee); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a pro se party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

Plaintiff is a pro se litigant, and thus the pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980); *Cruz v. Beto,* 405 U.S. 319 (1972). Even under this less stringent standard, a portion of the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

Defendants Letitia Verdin, David Fisher, and Alex Kinlaw should be summarily dismissed from this action because the allegations in the Complaint pertaining to them are frivolous, and they have judicial immunity. A suit is frivolous if it lacks an arguable basis in law or fact. *Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012); *see also Nagy v. FMC Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"). Here, Plaintiff alleges no factual allegations against Judge Alex Kinlaw. Thus, the case against him has no arguable basis in fact, and it is frivolous.

Also, Plaintiff gave insufficient factual allegations or a basis in law related to Judges Verdin and Fisher. For example, the Complaint does not allege what crime or matter Judge

3

Verdin sentenced Plaintiff for, and the facts seem only to indicate that Judge Verdin was acting in her capacity as a Circuit Court Judge. Similarly, the facts seem only to indicate that Judge David Fisher ordered that Plaintiff be evicted from his home on August 18, 2009, such that he was acting in his capacity as a state summary court judge. Therefore, the case against Judges Verdin and Fisher has no arguable basis in fact or law, and it is frivolous.

It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12–13. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). As noted, Plaintiff alleges that his case against Judges Verdin and Fisher arises out of their judicial actions. Thus, all Defendants should be dismissed because judicial immunity bars this lawsuit against them.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss Letitia Verdin, David Fisher, and Alex Kinlaw from this action without prejudice and without issuance and service of process.  See *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  This action remains pending, and, at this time, service of process is authorized for Defendants Karen Patterson, Miranda B. Pierce/Ware, John Simmons, Patricia Fuller, and E.F. Irick.  **Plaintiff's attention is directed to the important notice on the next page.**

April 12, 2016                                      S/Jacquelyn D. Austin
Greenville, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).