IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rufus Julius Cornelius Anderson, *a/k/a* Rufus Julius C. Anderson, *a/k/a* Rufus J. Anderson,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>Karen Patterson, Miranda B. Pierce Ware, John Simmons, Patricia Fuller, E.F. Irick,<br><br>　　　　　　　Defendants. | C/A No. 6:16-cv-00761-MGL-JDA<br><br><br>**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

This matter is before the Court on a motion to dismiss for insufficient service of process and/or for failure to state a claim upon which relief can be granted filed by Defendants Karen Patterson ("Patterson"), Miranda B. Pierce Ware ("Ware"), and John Simmons ("Simmons") (collectively, "the Probation Officer Defendants"); a motion to dismiss for failure to state a claim upon which relief can be granted and/or for a more definite statement filed by Defendant E.F. Irick ("Irick"); and a motion to dismiss for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted filed by Defendant Patricia Fuller ("Fuller").[1]  [Docs. 26, 32, 49.]  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

Plaintiff filed this action on March 9, 2016, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  [Doc. 1.]  The Probation Officer Defendants filed a

---

[1]Defendants Letitia Verdin, David Fisher, and Alex Kinlaw were dismissed from this action on May 2, 2016.  [Doc. 22.]

motion to dismiss on May 18, 2016. [Docs. 26, 27.] On May 19, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised to respond to the motion and of the possible consequences if he failed to adequately respond. [Doc. 30.] Plaintiff filed a response in opposition to the motion on June 22, 2016 [Doc. 38]; the Probation Officer Defendants filed a reply on July 5, 2016 [Doc. 48]; and Plaintiff filed a second response, which the Court construes as a sur-reply, on August 16, 2016 [Doc. 58]. On May 20, 2016, Irick filed a motion to dismiss or, in the alternative, for a more definite statement. [Doc. 32.] The same day, the Court issued another *Roseboro* Order. [Doc. 33.] Plaintiff filed a response in opposition to this motion on June 22, 2016 [Doc. 39]; Irick filed a reply on July 5, 2016 [Doc. 46]; and Plaintiff filed a second response, which the Court construes as a sur-reply, on August 16, 2016 [Doc. 60]. On July 12, 2016, Fuller filed a motion to dismiss. [Doc. 49.] On July 13, 2016, the Court issued another *Roseboro* Order. [Doc. 50.] Plaintiff filed a response in opposition on August 16, 2016. [Doc. 59.] Accordingly, the motions are ripe for review.

## **BACKGROUND**[2]

Plaintiff brings this action pursuant to § 1983 for "retaliation, intimidation, coercion." [Doc. 1 at 2.] He alleges that he reported unlawful activities to his employer on July 30, 2009.[3] [*Id.* at 3.] Thereafter, Plaintiff was evicted from his home on August 18, 2009; ticketed in Indiana on January 6, 2011; arrested in Ohio on February 3, 2011 for larceny

---

[2]The facts included in this Background section are taken directly from Plaintiff's Complaint.

[3]Plaintiff also reported unlawful activity to "EEO" on March 7, 2011. [Doc. 1 at 3.]

failure to return rental property[4]; and arrested on June 20, 2011 by Homeland Security. [*Id.*] Plaintiff was also arrested and convicted for probation violations. [*Id.* at 3–4.] Plaintiff believes these actions were "retaliation, intimidation, coercion and deterring conduct." [*Id.* at 4.] Plaintiff contends these actions injured him, were deliberately indifferent, and violated his constitutional rights. [*Id.*] He seeks all available relief under § 1983. [*Id.*]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe her pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[4]On December 24, 2010, Irick filed the arrest warrant for larceny failure to return rental property. [Doc. 1 at 3.]

3

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of

> constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted).  Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed."  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).  Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).  State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'"  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky,* 457 U.S. 991, 1004 (1982)).

**Motion to Dismiss Standards**

### *Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded.  Fed.R.Civ.P. 12(b)(1).  It is the

plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. *See id.* The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### *Rule 12(b)(5)*

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 12(b)(5). Rule 4(e) governs the service of process upon individuals in the United States and provides that service may be accomplished by either (1) delivering a copy of the summons and complaint to the defendant personally, (2) leaving a copy of the summons and complaint with a person of suitable age and discretion then residing at the defendant's home or usual place of abode, or (3) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed.R.Civ.P. 4(e)(2). Rule 4(e) also provides that service of process may be accomplished pursuant to the law of the state in which the district court sits, Fed.R.Civ.P. 4(e)(1); under South Carolina law, service may

be accomplished as outlined above for Federal Rule 4(e)(2) or by certified mail, S.C. R. Civ. P. 4(d).  Noncompliance with Rule 4 of the Federal Rules of Civil Procedure does not mandate dismissal where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service.  *See Karlsson v. Rabinowitz*, 318 F.2d 666, 668–69 (4th Cir. 1963) (upholding service upon the defendant's wife at a home to which the defendant never intended to return).

### *Rule 12(b)(6)*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief.  When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference.  *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).  If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly,

the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

**The Probation Officer Defendants and Defendant E.F. Irick**

Liberally construed, Plaintiff appears to allege that the revocation(s) of his probation and Irick's filing the arrest warrant for larceny failure to return rental property violated Plaintiff's constitutional rights.[5] However, these claims should be dismissed because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

---

[5]It is difficult to determine from the Complaint what constitutional rights Plaintiff contends were violated or how any of the individual Defendants allegedly violated such rights. With respect to the Probation Officer Defendants, the allegations in the Complaint are of "unlawfulness" by Patterson possibly resulting in a probation violation, "several violations" by Ware, and "violation of probation" by Simmons. [Doc. 1 at 3–4.] Thus, it seems Plaintiff may be alleging that the Probation Officer Defendants were responsible for charging him with violations of his probation. With respect to Irick, the sole allegation in the Complaint is that he filed an arrest warrant related to larceny failure to return rental property. [*Id.* at 3.]

9

*Id.* at 486–87. Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008). *Heck* also applies to probation and parole violation proceedings. *Brown v. Lemacks*, No. 8:09-2160-CMC-BHH, 2010 WL 2179492, at *3 (D.S.C. Apr. 28, 2010), *Report and Recommendation adopted by* 2010 WL 2179490 (May 27, 2010).

Plaintiff concedes that he "cannot present an expunged, invalidated, or a charge impugned by the grant of habeas corpus at this time." [Doc. 38 at 4–5.] Thus, his claims against the Probation Officer Defendants and Irick are barred by *Heck* and should be dismissed.

Additionally, the Probation Officer Defendants are entitled to immunity with respect to any actions they took within the scope of their duties related to Plaintiff's probation revocation(s), to include any violation reports they authored or authorized, any recommendation for revocation of probation, and any participation in court proceedings. *See Holmes v. Crosby*, 418 F.3d 1256, 1259 (11th Cir. 2005) (holding parole officers enjoy quasi-judicial immunity for testimony given during parole revocation hearings when they act within the scope of their duties); *Ray v. Pickett*, 734 F.2d 370 (8th Cir. 1984)  (holding probation officers were entitled to qualified immunity for their roles in petitioning for probation revocation); *Galvin v. Garmon*, 710 F.2d 214, 215 (5th Cir. 1983) (holding state

probation officers were entitled to qualified immunity); *Douglas v. Muncy*, 570 F.2d 499, 501 (4th Cir. 1978) (holding, where a plaintiff alleged that his parole officer arbitrarily enforced the conditions of his parole, that "[w]ith respect to the § 1983 claims, the district court was correct in its conclusion that . . . [Defendant], in his capacity as a parole officer, was also immune from such liability"). In any event, as employees of the South Carolina Department of Probation, Pardon, and Parole, the Probation Officer Defendants are entitled to Eleventh Amendment immunity in their official capacities as to any claims against them for money damages. The Eleventh Amendment prohibits federal courts from entertaining an action against a state. *See, e.g.*, *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted); *Hans v. Louisiana*, 134 U.S. 1, 10–11 (1890). Further, Eleventh Amendment immunity "extends to 'arm[s] of the State,' including state agencies and state officers acting in their official capacity," *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted). Therefore, Eleventh Amendment immunity protects state agencies and state officials sued in their official capacities from liability for monetary damages under 42 U.S.C. § 1983. *Id.* As a result, to the extent Plaintiff has alleged claims against the Probation Officer Defendants in their official capacities, those claims must be dismissed because Defendants are entitled to immunity pursuant to the Eleventh Amendment.[6]

---

[6]Having determined that Plaintiff's claims against the Probation Officer Defendants and Irick are barred by *Heck* and that the Probation Officer Defendants are entitled to

**Defendant Patricia Fuller**

As an initial matter, Fuller cannot be sued under § 1983 because federal officials do not act under color of state law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n.30 (1982). Moreover, to the extent Plaintiff attempts to allege a claim against Fuller under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[7] Plaintiff has failed to state a claim. With respect to Fuller, the only allegation in the Complaint is that Fuller alerted Homeland Security after a March 7, 2011 filing. [Doc. 1 at 3.] Even liberally construing Plaintiff's Complaint, this allegation is insufficient to state a cause of action under *Bivens* because it does not plausibly show that Plaintiff is entitled to relief, nor does it give Fuller fair notice of what claim Plaintiff brings against her. Instead, it merely states that Fuller alerted Homeland Security and then conclusorily states that Plaintiff was injured by unconstitutional acts.[8] [Doc. 1 at 3–4.] Accordingly, Fuller's motion to dismiss should be granted.[9]

---

immunity, the Court declines to address these Defendants' remaining arguments.

[7]In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. 403 U.S. at 389. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Mitchell v. Forsyth*, 511 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443–44 (4th Cir. 1988).

[8]Indeed, the Complaint does not even allege what Fuller reported to Homeland Security. Moreover, the allegations asserting retaliation, intimidation, coercion, deliberate indifference, and unconstitutional acts refer to "city officials" and to the "city's custom," asserting that "custom was the moving force behind the acts." [Doc. 1 at 4.] Fuller is alleged to be a federal, not city, employee as the local director of the Equal Employment Opportunity Commission. [Doc. 1 at 2.]

[9]In his response in opposition to Fuller's motion to dismiss, Plaintiff clarified that he is bringing his claim against Fuller in her individual capacity. [Doc. 59 at 2.] Accordingly,

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the Probation Officer Defendants' motion to dismiss be GRANTED; Irick's motion to dismiss be GRANTED; and Fuller's motion to dismiss be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

September 12, 2016
Greenville, South Carolina

---

the Court declines to address Fuller's arguments regarding a claim for money damages being barred by sovereign immunity. Additionally, the Court does not construe Plaintiff's Complaint as alleging a claim under the Federal Tort Claims Act.