

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| RUFUS JULIUS CORNELIUS ANDERSON, a/k/a Rufus Julius C. Anderson, a/k/a Rufus J. Anderson, §§§§§ Plaintiff, § § vs. § § KAREN PATTERSON; MIRANDA B. § PIERCE WARE; JOHN SIMMONS; § PATRICIA FULLER; and E.F. IRICK, § Defendants. § | CIVIL ACTION NO. 6:16-00761-MGL |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTIONS TO DISMISS

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motions to dismiss be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court declines to conduct a de

novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).  Thus, the Court will address each specific objection to the Report in turn.  As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

The Magistrate Judge filed the Report on September 13, 2016, and the Clerk of Court entered Plaintiff's objections to the Report on September 26, 2016.  The Court has reviewed the objections, but finds them to be without merit.  Therefore, it will enter judgment accordingly.

In Plaintiff's objections, he largely fails to point the Court to any alleged specific errors the Magistrate Judge made in the Report.  Rather, Plaintiff's objections consist mainly of restatements of arguments already advanced in prior filings, coupled with inapposite legal citations.

Inasmuch as Plaintiff's objection to the Report regarding the issue of qualified immunity is dispositive of the suit, the Court will consider it first.  In this objection, Plaintiff asserts Defendants have failed to present any evidence that establishes their entitlement to qualified immunity.  ECF No. 82 at 3.  Plaintiff's objection is meritless, as he demonstrates a fundamental misunderstanding of the law of qualified immunity.

Qualified immunity bars recovery against government officials performing discretionary functions where their conduct fails to violate clearly established constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity "is an *immunity from suit* rather than a mere defense to liability," *Mitchell v. Forsyth*, 472

U.S. 511, 526 (1985), and protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

When a government official asserts qualified immunity, the Court must determine (1) whether the facts alleged show the official's actions violated a constitutional right, and (2) whether the right asserted was clearly established at the time of the challenged actions. *Henry v. Purnell*, 501 F.3d 374, 377 (4th Cir. 2007). "[T]he record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).

In light of the standard set forth above, the Court holds Plaintiff has failed to meet his heavy burden to show Defendants are unentitled to qualified immunity. Plaintiff incorrectly argues Defendants must show evidence to establish qualified immunity, ECF No. 82 at 3, when in fact Plaintiff bears the burden to demonstrate qualified immunity is inapplicable. Moreover, the allegations raised by Plaintiff in his Complaint utterly fail to state a cognizable claim for any violation of his constitutional rights by Defendants, much less that they are clearly established. Consequently, the Court holds Defendants are entitled to qualified immunity. As such, the Court will grant Defendants' motions to dismiss.

Given that this holding is dispositive of the case, the Court need not address the parties' remaining arguments, nor Plaintiff's remaining objections. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein.  Therefore, it is the judgment of this Court that Defendants' motions to dismiss are **GRANTED**.

**IT IS SO ORDERED**.

Signed this 29th day of September, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>MARY GEIGER LEWIS<br>UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.